**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| ROBIN MESEY and JENNIFER MESEY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CITY OF VAN BUREN, MISSOURI, ) <br> ALONZO BRADWELL, *in his official* ) <br> *capacity as Chief of Police*, and CHARLES ) <br> ROPER, *in his individual capacity*, ) <br> ) <br> Defendants. ) | Case No. 1:19-CV-71 <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS' COMPLAINT**

COMES NOW Plaintiffs Robin Mesey and Jennifer Mesey (collectively the "Plaintiffs"), by and through their attorney, and for their Complaint against Defendant City of Van Buren, Missouri (hereinafter "Defendant City of Van Buren"), Defendant Alonzo Bradwell (hereinafter "Defendant Bradwell") and Defendant Charles Roper (hereinafter "Defendant Roper") and respectfully states to this Honorable Court the following:

1. This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of civil rights against the Defendants.

2. Plaintiffs sue Defendant Bradwell in his official capacity.

3. Plaintiffs sue Defendant Roper in his individual capacity.

4. Plaintiffs bring this suit for the injuries sustained as a result of the Constitutional violations as alleged herein.

5. Defendant City of Van Buren is a political subdivision of the State of Missouri and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

6. Defendant Bradwell, at all times relevant herein, was the Chief of Police for the Van Buren Police Department.

7. Defendant Roper, at all times relevant herein, was a Van Buren police officer working under the direction and control of Defendant City of Van Buren.

## JURISDICTION

8. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1343(a)(3).

## VENUE

9. Venue is proper under 28 U.S.C. § 1391(b)(2) as the incident subject to this case occurred in the City of Van Buren in this Southeastern District of Missouri.

## COLOR OF STATE LAW

10. At all relevant times, Defendant Bradwell acted under color of state law.

11. Particularly, Defendant Bradwell acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

12. At all relevant times, Defendant Roper acted under color of state law.

13. Particularly, Defendant Roper acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

## FACTUAL BACKGROUND

14. On February 22, 2019, Defendant Roper shot and killed Plaintiffs' dog at 1512 Dale St. in Van Buren, MO.

15. On February 22, 2019, Defendant Roper shot and wounded another dog owned by Plaintiffs' at 1512 Dale St. in Van Buren, MO.

16. Prior to shooting Plaintiffs' dogs, Defendant Roper made no attempt to capture the dogs.

17. Prior to shooting Plaintiffs' dogs, Defendant Roper has stated that Plaintiffs' dogs were fighting with Defendant Roper's father-in-law's dog.

## COUNT I

### VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983 AND FOURTH AMENDMENT
### AGAINST DEFENDANT CHARLES ROPER
### FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES
### AND ATTORNEY'S FEES

18. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

19. Defendant Roper's shooting Plaintiffs' dogs constituted a seizure under the Fourth Amendment as a dog is considered to be property subject to protection under the Fourth Amendment[1].

20. The right to possess a dog is clearly established[2].

21. Defendant Roper's shooting Plaintiffs' dogs was objectively unreasonable in that Plaintiffs' dogs were not attacking Defendant Roper and Defendant Roper was not in any immediate danger, which called for the use of deadly force[3].

### Compensatory Damages

22. Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant Roper.

### Punitive Damages

23. Defendant Roper's actions were reckless.

---

[1] Lesher v. Reed, 12 F.3d 148, 150-51 (8th Cir. 1994).
[2] Id.
[3] Lesher, 12 F.3d at 150 (*citing* Brown v. Muhlenberg Twp., 269 F.3d 205, 210-11 (3d Cir. 2001); Fuller v. Vines, 36 F.3d 65, 68 (9th Cir. 1994).

24. Defendant Roper showed callous indifference toward the rights of Plaintiffs.

25. Defendant Roper's actions were taken in the face of a perceived risk that the actions would violate federal law.

26. Plaintiffs are entitled to an award of punitive damages against Defendant Roper in order to punish him and to deter others.

### Attorney's Fees

27. Under 42 U.S.C. § 1988, if Plaintiffs are the prevailing party in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Charles Roper in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiffs pray for such other relief as may be just under the circumstances and consistent.

### COUNT II

### VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT AGAINST
### DEFENDANT CITY OF VAN BUREN, MISSOURI AND ALONZO BRADWELL
### FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

28. Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

### Compensatory Damages

### Municipal Liability – Failure to Train, Supervise, Control

29. Defendant City of Van Buren and Defendant Bradwell failed to properly hire, train, supervise, control and/or discipline Defendant Roper.

30. Defendant City of Van Buren and Defendant Bradwell were deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline Defendant Roper such that those failures reflected a deliberate or conscious choice by Defendant City of Van Buren and Defendant Bradwell[4].

31. Particularly, Defendant City of Van Buren and Defendant Bradwell failed to train Defendant Roper on capturing at-large dogs, a common and recurring situation.

32. The deficiencies by Defendant City of Van Buren and Defendant Bradwell caused Plaintiffs damages in the death of one of their dogs and physical injuries in another one of Plaintiffs' dogs[5].

33. In light of the fact that it was Defendant Roper who engaged in the constitutional violations, the need to correct the deficiencies is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of Defendant City of Van Buren, including Defendant Bradwell, can reasonably be said to have been deliberately indifferent to the need[6].

34. If Defendant City of Van Buren and Defendant Bradwell had properly hired, trained, supervised, controlled and disciplined Defendant Roper, the constitutional violations committed by Defendant Roper would not have occurred.

35. These failures by Defendant City of Van Buren and Defendant Bradwell to hire, train, supervise, control and discipline Defendant Roper subject Defendant City of Van Buren and Defendant Bradwell to liability for the constitutional violations committed by Defendant Roper.

---

[4] City of Canton v. Harris, 489 U.S. 378, 389 (1989).
[5] Larson By Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996).
[6] Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir. 1996).

5

**Compensatory Damages**

36. Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory against Defendant City of Van Buren and Defendant Bradwell.

**Attorney's Fees**

37. Under 42 U.S.C. § 1988, if Plaintiffs are the prevailing party in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of Van Buren, Missouri and Defendant Alonzo Bradwell, in his official capacity, for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

### COUNT III

### VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983, *RESPONDEAT SUPERIOR* AGAINST
### DEFENDANT CITY OF VAN BUREN, MISSOURI
### FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

38. Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

39. At all relevant times Defendant Roper was serving as an employee of Defendant City of Van Buren as a police officer.

40. At all relevant times Defendant Roper was engaging in a government function.

41. At all relevant times Defendant Roper was acting within the course and scope of that employment.

42. Defendant City of Van Buren is liable under a theory of *respondeat superior*[7].

43. The actions of Defendant Roper caused Plaintiffs to suffer the damages outlined herein.

### Compensatory Damages

44. Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant City of Van Buren.

### Attorney's Fees

45. Under 42 U.S.C. § 1988, if Plaintiffs are the prevailing party in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of Van Buren, Missouri for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
James W. Schottel, Jr.   #51285MO
906 Olive St., PH
St. Louis, MO 63101
(314) 421-0350
(314) 421-4060 facsimile
jwsj@schotteljustice.com

Attorney for Plaintiffs
Robin Mesey
Jennifer Mesey

---

[7] Plaintiffs make this claim based on the dissent of Justice Breyer in Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 416, 117 S. Ct. 1382, 1394, 137 L. Ed. 2d 626 (1997).