# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBIN MESEY and JENNIFER MESEY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CITY OF VAN BUREN, MISSOURI, et al.,) <br> ) <br> Defendants. ) | Case No. 1:19-CV-71 SNLJ |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Taxation of Costs of Service to be Assessed Against Defendant Charles Roper and for Attorney's Fees. [Doc. 13]. Defendant Charles Roper ("Defendant Roper") did not file a response to Plaintiffs' Motion and the time to do so has now passed. For the following reasons, the Court will grant Plaintiffs' motion.

Federal Rule of Civil Procedure 4(d)(2) provides the following:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located in the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees of any motion required to collect those service expenses.

The record indicates that Defendant Roper failed to return the waiver of service. Plaintiffs have included an invoice documenting that Plaintiffs incurred an expense of $65.00 to obtain personal service on Defendant Roper. (Pl. Ex. 2).

In a sworn, averred motion, Plaintiffs' counsel James Schottel, Jr. states that he spent 3.4 hours arranging personal service, filing the notice of private process server and requesting alias summons, preparing the motion, memorandum in support of the motion and exhibits and

conducting legal research. Mr. Schottel seeks reimbursement at his hourly rate of $400.00 per hour. *Id.*

The Court finds the amount of time expended by counsel and the hourly rate to be reasonable. Because Defendant Roper failed to comply with Plaintiffs' request for waiver of service of summons and because he has not shown good cause for the failure, the Court concludes that Plaintiffs are entitled to reimbursement of costs in the amount of $65.00 and attorney's fees in the amount of $1,360.00 for a total award of $1,425.00.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Taxation of Costs of Service to be Assessed Against Defendant Charles Roper and for Attorney's Fees is **GRANTED**. [Doc. 13]

**IT IS FURTHER ORDERED** that Defendant Charles Roper is directed to pay Plaintiffs $65.00 as for the cost of service of summons and $1,360.00 as for attorney's fees for a total award of $1,425.00.

**IT IS FURTHER ORDERED** that Defendant Charles Roper shall pay Plaintiffs this total award of total award of $1,425.00 within fourteen (14) days of the date of this Memorandum and Order.

Dated this 10th day of September, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE