UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ROBIN MESEY AND JENNIFER MESEY, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF VAN BUREN, MISSOURI, )<br>ALONZO BRADWELL, in his official )<br>Capacity as Chief of Police, and CHARLES )<br>ROPER, )<br>)<br>Defendants. ) | 1:19-cv-00071 |

**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Charles Roper, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 56(a) and E.D. Mo. L.R. 7-4.01, respectfully moves this Court to enter summary judgment in his favor on all issues and claims. In support of his Motion, Mr. Roper asserts the following Statement of Uncontroverted Facts:

**INTRODUCTION**

Plaintiffs filed a Complaint in this Court against the City of Van Buren, Missouri; Chief Alonzo Bradwell, and Mr. Roper on May 4, 2019. [Doc. #1]. In their Complaint, Plaintiffs asserted a Fourth Amendment claim against Mr. Roper under and through 42 U.S.C. § 1983 (Count I), as well as a Fourteenth Amendment claim against Van Buren and Chief Bradwell, also through § 1983 on a theory of *respondeat superior* (Counts II & III). *Id*. Only Count I is alleged as against Mr. Roper. *Id*. On October 10, 2019, this Court filed a Case Management Order for this case. [Doc. #23]. Pursuant to that Order, discovery is now closed, and this matter is therefore ripe for Summary Judgement. *Id*.

## **UNCONTROVERTED FACTS**

1. On February 22, 2019, Mr. Roper and his wife, Donna Roper, visited Mr. Roper's father-in-law, Jeffrey Walberg. (Ex. A, Deposition of Charles Roper, 12:20-24).

2. Mr. Walberg and Plaintiffs live approximately one block apart on Dale Street in the City of Van Buren. (Ex. B, Deposition of Robin Mesey, 30:9-10; Ex. A, 24:8-10).

3. Mr. Walberg owned a blond husky mix named Draco, who at the time of the incident was approximately 16 years old. (Ex. C, Documents Produced by Plaintiff, Bates number PLF 025, Ex. A, 19:13-16).

4. While leaving Mr. Walberg's house, Mr. and Mrs. Roper observed two dogs owned by Plaintiffs attacking Draco on the corner of Dale Street and Independence Street, near Mr. Walberg's home. (*Id*., 20:18-22; Ex. B, 16:21-25 & 20:10-16; Doc. #1, ¶ 17, Ex. D, Donna Roper Deposition, pg. 16:7-19).

5. Draco was lying on the street bleeding from his ear and neck; Plaintiffs' dogs "were just ripping him apart." (Ex. A, 18:20-25, 19:1, 35:22-25; Ex. D, pg. 17:22-25).

6. Plaintiffs' smaller dog (Nina) was biting Draco's paws; Plaintiffs' larger dog (Max) had his jaws wrapped around Draco's throat. (*Id*., 21:18-21).

7. The smaller dog was a female American Bulldog, which, the time of the attack, weighed approximately 65 pounds and the larger dog was a Male American Bulldog weighing approximately 85 pounds. (*Id*., 17:13-14, 28:9-11).

8. Sometime prior to this incident, Mr. Roper witness the larger dog attempt to attack Mr. Walberg (in Mr. Walberg's own yard). Draco came to Mr. Walberg's defense and ended up fighting with Max until Max was pulled off Draco. (Ex. A, 31:22-25-32:1-10, Ex. D, pp. 16:20-17:4).

9. When Mr. and Mrs. Roper witnessed both dogs attacking Draco again on February 22, 2019, Charles stopped the car in the middle of the street, got out, and yelled at the dogs from approximately 3 – 5 feet away, to get away from Draco. (*Id*., 21:6-9, 27:12-14).

10. During that time, Mr. Roper's wife exited the car. (*Id*., 25:21-25).

11. When neither dog released Draco, Mr. Roper fired a warning shot directly into the ground from his personal weapon, a Springfield XD-S firearm, and observed grass fly from where the bullet hit the ground. (*Id*., 13:14-16, 26:17-18, 29:13-16, 53:21-25-54:1; Ex. D, 18:4-15; Ex. E, Body Camera Video 3; Ex. F, Charles Roper Discovery Materials, Bates number CLIENT 010).

12. Mr. Roper's firearm contained seven bullets in its magazine and one bullet in the chamber, totaling eight bullets. (*Id*., 50:20-24-51:1-4).

13. This bullet from the warning shot was recovered by the Sheriff's department. (Ex. G, Responding Officer's Report, Bates number City 0002; Ex. H, Sheriff Department Case File, Bates number City 0010; Ex. I, Body Camera Video 6; Ex. K, Carter Co. Investigation File, Bates numbers CCSO 025-028).

14. Mr. Roper's gun "jammed" when the empty casing failed to properly eject after he fired his warning shot. (Ex. A, 27:21-25 – 28:1-3).

15. Mr. Roper cleared the jam, by emptying the cases and an extra bullet from the gun. (*Id*., 27:21-25-28:1-2, 51:23-25-52:1-2).

16. This unfired bullet was also recovered by the police department. (Ex. G; Ex. H; Ex. I; Ex. K, Bates numbers CCSO 026-028).

17. The smaller dog ran away from the attack after Mr. Roper fired his warning shot. (Ex. A, 29:7-12; Ex. D, 18:4-15).

18. At that time, Mrs. Roper walked around her husband, and stated she was going to break up the remaining fight. (*Id*., 28:23-25 & 29:17-19).

19. As Mrs. Roper neared, the larger dog showed his teeth, barked, held his tail stiff, and raised his hackles, all while staring at her. (*Id*., 29:23-25-30:1-14, 31:17-21, & 50:7-11; Ex. D, 18:7-15, 20:5-16).

20. The larger dog began coming towards Mrs. Roper. (*Id*., 44:12-13; Ex. D, 18:7-15, 22:17-25; Ex. H, Bates number City, 0014-0015).

21. Mr. Roper recognized these signals as a sign of imminent attack from the last time the larger dog had attacked Draco and Mr. Walberg. (*Id*., 31:17-25-32:1-7).

22. When the larger dog stepped towards Mr. Roper's wife, Mr. Roper pushed her behind him. (*Id*., 47:21-25, 48:10-14).

23. Still, the larger attacking dog proceeded to approach both Mr. Roper and his wife. (*Id*., 48:17-21 & 49:22-25 – 50:1; Ex. H, Bates number City, 0014-0015).

24. Mr. Roper then fired at the larger attacking dog, killing it. (*Id*., 29:20-22, Ex. D, 18:7-23, 20:17-25; Doc. #1 ¶ 14; Ex. J, Doc. #10, ¶ 14).

25. This last bullet was never recovered, because it remained in the larger attacking dog after this incident. (Ex. K., Bates number CCSO 006).

26. Mr. Roper fired only these two shots and ejected the one additional bullet. (Ex. A, 37:3-4; Ex. K, Bates number CCSO 006).

27. Plaintiffs confirmed that they only heard two gunshots. (Ex. A, 37:3-4; Ex. B, 30:22-25; Ex. K, Bates number CCSO 006; Ex. L, 26:5-6.)

28. When responding officers returned Mr. Roper's gun and ammunition to him, they returned five live rounds. (Ex. A, 52:3-6).

29. Although the smaller dog ran away from the attack after Mr. Roper fired his warning shot into the ground, when Plaintiffs took the smaller dog to the veterinarian after the incident, she was found to have a bullet lodged in her leg. (Ex. B, 43:22-23).

30. Sometime on or around April or May, 2020, the smaller attacking dog was diagnosed with heartworms and passed away one month later from the condition. (*Id.*, 53:3-10, Ex. L, Deposition of Plaintiff Jennifer Mesey, 29:12-13).

31. Neither of Plaintiffs' dogs were leashed during the attack; Plaintiffs did not have a wire or electric fence to restrain the dogs to their property. (Ex. B, 57:9-10).

32. Despite local law requiring owners to leash or otherwise constrain dogs to an owner's property, Plaintiffs regularly failed to leash their dogs and had been cited at least three times prior to the attack. (Ex. M, Feb. 3, 2010 Citation; Ex. N, Mar. 9, 2011 Citation, Ex. L, 30:3-35-31:1-16).

33. Plaintiff Robin Mesey admitted that the larger dog had been aggressive towards another neighborhood dog on at least one instance prior to the attack on Draco at issue here. (Ex. B, 23:14-23, 25:16-19).

34. Even after the altercation between Plaintiffs' smaller and larger dogs and Draco, Plaintiffs did not leash or fence their remaining dogs, leading to an altercation on June 1, 2019, where in Plaintiff's third dog chased a man on a motorcycle and bit at his ankles several houses away from Plaintiffs' house. (Ex. O, City of Van Buren Discovery, Bates number City 0047).

35. When an officer arrived at Plaintiffs' house to discuss the June 1, 2019 matter, he observed the dog running freely, not on a leash or enclosed in a fence. (*Id.*)

36. Although Mr. Roper was a training reserve officer for the City of Van Buren, he was off-duty at the time of the incident. (Ex. J, Chief Alonzo Bradwell Deposition, 22:19-23:9; Ex. P, City

of Van Buren, Missouri's Answers to Plaintiffs' Second Interrogatories, Answer 1; Ex. Q, Alonzo Bradwell's Answers to Plaintiffs' Second Interrogatories, Answer 1; Ex. R, Body Camera Video 5; Ex. E, Charles Roper Discovery Materials, Bates number CLIENT 002 & 010; Ex. S, Defendant Answers to Plaintiffs' Interrogatories, Answer 16(a)-(c)).

37. Mr. Roper was not in uniform during this incident. (Ex. A, 53:19-20; Ex. E, Bates number CLIENT 010).

38. He and his wife were driving his son's Ford Escape. (Ex. A, 53:14-16; Ex. E, Bates number CLIENT 010).

39. When Mr. and Mrs. Roper left Mr. Walberg's residence, Charles was not leaving to do police work. (Ex. A, 54:10-12).

40. This incident had nothing to do with Mr. Roper's employment as a reserve deputy or police officer. (*Id.*, 55:14-22).

41. Mr. Roper did not cite, ticket or otherwise charge Plaintiffs for any infraction relating to this incident. (*Id.*, 56:17-21).

WHEREFORE, based upon the foregoing, Defendant Charles Roper respectfully prays this Court issue its Order granting summary judgement in favor of Defendant on all Counts, entering an award of attorney's fees and costs, and such other and further relief as this Court deems just and appropriate.

Date: <u>December 4, 2020</u>            **Respectfully submitted**,

FISHER PATTERSON SAYLER & SMITH, L.L.P.

*/s/ Portia C. Kayser*
Portia C. Kayser, #63527MO
1010 Market Street, Suite 1650
St. Louis, MO 63101
Telephone and Fax: (314) 561-3675
pkayser@fpsslaw.com

*Attorneys for Defendant Charles Roper*

**Certificate of Service**

      The undersigned hereby certifies that a true and correct copy of the foregoing document was filed via the Court's electronic filing system this 4th day of December, 2020, and will be served on the following via same:

James W. Schottel, Jr.
Schottel & Associates, PC
906 Olive St., PH
St. Louis, MO 63101
jwsj@schotteljustice.com

*Attorneys for Plaintiff*

Patricia A. Keck
Damon Phillips
Ty Z. Harden
Keck and Austin, LLC
3140 E. Division
Springfield, MO 65802
pat@kpwlawfirm.com
ty@kpwlawfirm.com

*Attorneys for Defendants City of Van Buren, Missouri and Alonzo Bradwell*

                                        */s/ Portia C. Kayser*