# ACORD® LIABILITY NOTICE OF OCCURRENCE / CLAIM

**DATE (MM/DD/YYYY):** 5/13/2019

## AGENCY
HOLLIDA INSURANCE AGENCY LLC
1018 S Westwood Blvd Ste 3
Poplar Bluff, MO 63901

**CONTACT NAME:**
**PHONE (A/C, No, Ext):** (573)727-9700
**FAX (A/C, No):** (573)727-9701
**E-MAIL ADDRESS:** johnnyrhowe@gmail.com
**CODE:**   **SUBCODE:**
**AGENCY CUSTOMER ID:**

**INSURED LOCATION CODE:**
**DATE OF LOSS AND TIME:** 2/22/2019
**CARRIER:** Trident/Argonaut
**POLICY NUMBER:** 463196
**LINE OF BUSINESS:** Liability
**NAIC CODE:**

## INSURED

**NAME OF INSURED (First, Middle, Last):** City of Van Buren
**DATE OF BIRTH:**   **FEIN (if applicable):**
**PRIMARY PHONE #:** 573-323-4335  ☐ HOME ☐ BUS ☐ CELL
**SECONDARY PHONE #:** ☐ HOME ☐ BUS ☐ CELL

**INSURED'S MAILING ADDRESS:**
PO Box 40
1301 Main
Van Buren   MO 63965

**PRIMARY E-MAIL ADDRESS:** clerk@cityofvanburen.com
**SECONDARY E-MAIL ADDRESS:**

## CONTACT  ☐ CONTACT INSURED

**NAME OF CONTACT (First, Middle, Last):** Gerri Flatt-City Clerk
**PRIMARY PHONE #:** 573-323-4335  ☐ HOME ☐ BUS ☐ CELL
**SECONDARY PHONE #:** ☐ HOME ☐ BUS ☐ CELL
**WHEN TO CONTACT:** 9AM-4PM

**CONTACT'S MAILING ADDRESS:**
**PRIMARY E-MAIL ADDRESS:**
**SECONDARY E-MAIL ADDRESS:**

## OCCURRENCE

**LOCATION OF OCCURRENCE**
**STREET:** 1512 Dale Street
**CITY, STATE, ZIP:** Van Buren   MO 63965
**COUNTRY:**
**DESCRIBE LOCATION OF OCCURRENCE IF NOT AT SPECIFIC STREET ADDRESS:**

**POLICE OR FIRE DEPARTMENT CONTACTED:**
**REPORT NUMBER:**

**DESCRIPTION OF OCCURRENCE** (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

Alledged Deputy Roper shot dog owned by Robin & Jennifer Mesey. Mr. Roper wasn't on duty at the time of the alledged Incident. Please see attached time sheets.
City Attourney was informed but he wants the City insurance carrier to deny coverage due the deputy not being on duty.
Subpena Attached.

## TYPE OF LIABILITY

**PREMISES: INSURED IS** ☐ OWNER  ☐ TENANT
**OWNER'S NAME & ADDRESS (If not Insured):**

**TYPE OF PREMISES:**
**PRIMARY PHONE #:** ☐ HOME ☐ BUS ☐ CELL   **SECONDARY PHONE #:** ☐ HOME ☐ BUS ☐ CELL
**PRIMARY E-MAIL ADDRESS:**
**SECONDARY E-MAIL ADDRESS:**

**PRODUCTS: INSURED IS** ☐ MANUFACTURER ☐ VENDOR
**MANUFACTURER'S NAME & ADDRESS (If not insured):**

**TYPE OF PRODUCT:**
**PRIMARY PHONE #:** ☐ HOME ☐ BUS ☐ CELL   **SECONDARY PHONE #:** ☐ HOME ☐ BUS ☐ CELL
**PRIMARY E-MAIL ADDRESS:**
**SECONDARY E-MAIL ADDRESS:**
**WHERE CAN PRODUCT BE SEEN?**

ACORD 3 (2016/10)   Page 1 of 4   © 1986-2016 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

**EXHIBIT F**

CLIENT 002

CITY HALL

# Van Buren Police Department
## Disciplinary Action Notice

Date of Action: 2/25/2019

**Official Action:** *It is the decision of the Chief of Police to suspend Charles Roper from working at the Van Buren Police Department pending the outcome of the investigation from the Carter County Sheriff's Office. Once the investigation is completed, the Chief of Police will request records from the Carter County Sheriff's Office and go through them to see if any Van Buren Police Department Procedures, Ordinances, or State Laws were violated. Once this review is completed a final decision regarding the Disciplinary Action will made.*

**Appeal Option:** *Charles Roper has a right to appeal the final Disciplinary Action to the Board of Alderman for the City of Van Buren at the next Scheduled City Council Meeting after the action. If Charles Roper requests to appeal the immediate suspension, he must can do so to the board of alderman at any time.*

### Chief A. Bradwell Review of incident

*Reason for Action: On 2/22/2019 Officer Robert Dyer called me ( Chief of Police) to inform me that Charles Roper, an off duty reserve officer had shot a dog by Dale Street in Van Buren, Mo. Officer Dyer stated that he felt that it would be inappropriate that he investigate the case due to Charles Roper being a reserve officer. Officer Dyer stated that he had briefly received the story that Mr. Roper was off duty, traveling in his personal vehicle with his wife when he seen his father in laws dog being attacked by two dogs. Officer Dyer stated that Mr. Roper explained that he began yelling at the dogs to stop, but the dogs continued to attack his father in laws dog. Mr. Roper had relayed that is when he pulled his pistol and shot a warning shot into the ground to scare the dogs. Mr. Roper relayed to Officer Dyer that after the warning shot, one dog ran away, and his wife went out of the vehicle to try and get her fathers dog. At this point the remaining dog acted aggressive towards his wife, at which point he shot that dog. I explained to Officer Dyer that it would not be our department to investigate the incident, that I would call the Sheriff of Carter County and Request he investigate the incident.*

EXHIBIT F

CLIENT 007

CITY HALL

# Van Buren Police Department

I then called the Sheriff of Carter County and relayed the information to him. I requested his department investigate. I told him that I felt that no matter the outcome of the case, either Charles Roper or the owner of the shot dog, would not be satisfied if the Van Buren Police Department was working the case. I felt as though it would benefit all parties involved to have an outside agency investigate. The Sheriff agreed and requested I call the Chief Deputy to send someone out to investigate. I then called the Chief Deputy and requested that someone be sent out to investigate per the Sheriff.

I called Officer Dyer back and explained that the Sheriff's Department was on their way. I told him to clear the scene once the scene is secure and when the Sheriffs Department relieves him.

Later that evening I attempted to contact Charles Roper to request a meeting in regards to the incident. He did not answer.

I attempted to contact Charles Roper to request a meeting in regards to the 22nd incident. He did not answer his phone.

On February 24th 2019 Charles Roper text me the following: I am not ignoring u or avoiding u I was by Robert when he called u so I know u know I was advised not to talk to anyone about what happened so all I am asking is do I need to bring u the key and your vest tomorrow when I go to work is all I'm needing to know.

I responded by sending him a picture of the Garrity Warning and a text saying the following: Under Garrity you can talk to me and it cannot be used against you. In order to make a reasonable action I would like to talk with you. If you're still not wanting too I completely understand. Without the information in its entirety, I have to suspend you pending the outcome of the investigation. This could be the action I take weather you choose to speak with me or not, but without your side I have no choice than to suspend until the investigation is complete, and at that point I will make a final decision based on the city attorney's recommendation. I hate to have this conversation through text.

Charles Roper then agreed to come in on Monday( the next morning) to speak with me.

EXHIBIT F

CLIENT 008

City Hall

# Van Buren Police Department

### Officer R. Dyer Calls for Service Report

On 02-22-2019 at approximately 1347 I was dispatched to Dale and Independence for a animal complaint. Upon arriving I was met by Charles Roper D.O.B 06-19-1984 who stated that his father in-laws dog was being attacked by a dog so he shot it. I observed a dead dog laying on independents st. I was also met by Robin Mesey D.O.B 11-1-1978 the dog owner. I advised Mr. Mesey to go back to his house to prevent any confrintation between parties. I advised Mr. Mesey I would speak with him after I got done speaking with Mr. Roper. Mr. Roper stated that he fired a warning shot and the dogs continued to fight so he shot the dog I observed a un spent shell on the pavement and two shell casings.

I went and spoke with Mr. Mesey. Mr. Mesy stated that he just heard gun shots and ran out side that he did not see anything. I went back and spoke to Mr. Roper and asked him for his firearm, that I would need to hold it for the investigation. Mr. Roper gave me his firearm.

Mr. Roper requested what was going to happen or what he needed to do. I informed him that I needed to contact the Chief of Police. I explained that though he is not on duty for the police department, I felt that I needed to inform the Chief of Police about the situation because I did not believe it would be appropriate for me to work the investigation.

I contacted the Chief Bradwell and explained the situation. Chief Bradwell stated that he would contact the Sheriff. Chief Bradwell contacted me and stated that the Sheriff Department was going to send a deputy to conduct the investigation. At approximately 1403 Deputy Eudaley arrived on scene and I informed him of the situation and cleared the scene at 1422. Once the Deputy Justin Eudaley arrived I transferred the firearm to him and cleared the scene.

### Meeting with Charles Roper

On Monday February 25th 2019 Charles Roper came to my office. I had a statement of rights ( Garrity) form out and I read this too him. Attached is the signed copy of the rights. After the rights were explained, Charles Roper agreed to speak with me and signed the line acknowledging that he has read and understood the notification of rights.

- I explained to Charles that even though he was off duty, and not acting in his official capacity, all actions involving law enforcement are investigated and could result in disciplinary action. I asked Mr. Roper to explain to me what had occurred.

EXHIBIT F

CLIENT 009

City Hall

City Hall

# Van Buren Police Department

## Charles Roper's account of events

*He stated that he was with his wife traveling down the road and seen his father in laws dog being attacked by two other dogs. He stated he quickly got out of his vehicle and began yelling at them to stop. He stated he attempted numerous times to get them to stop but in fear that the dog was going to be killed by the other two dogs, he pulled out his pistol and shot into the ground as a warning shot to scare the dogs hoping they would stop attacking his father in laws dog. He stated that when he shot the warning shot, one of the dogs quickly ran off but one dog remained still attacking his father in laws dog. He stated that his father in laws dog was smaller and appeared to be being killed. He stated that his wife got out of the car and went to try and stop the fight, but the remaining dog acted aggressively towards his wife ( growly and made a motion that he felt was aggressive to wit turned towards his wife) at which point he shot the dog, killing it. He stated he then called Sheriff's Department Dispatch and requested an officer and then attempted to notify the owners of the dog. He stated that he was walking up the owner's driveway, but the owners had come out, the owner was upset so he backed away and waited for law enforcement. He stated that Officer Dyer with the Van Buren Police Department arrived. He stated that Officer Dyer called Chief Bradwell and that Chief Bradwell advised him that this case will be investigated by an outside agency. He stated that the Sheriff's Department arrived and requested interviews with both him and his wife. He stated he cooperated fully and gave a written statement. He stated his gun was taken into evidence.*

## Questions Asked to Mr. Roper/Questions Answered

**Chief Bradwell:** Were you on duty that day or scheduled to be on duty that day.

**Mr. Roper:** No

**Chief Bradwell:** Did you discharge a firearm within city limits

**Mr. Roper:** Yes, in defense of a family member's property.

**Chief Bradwell:** Were you wearing a Van Buren Police Department badge or credentials to include: uniforms, during this incident.

**Mr. Roper:** No, I had my personal firearm and was not wearing any department issued equipment.

**Chief Bradwell:** Were you in a Van Buren Police Department vehicle

**Mr. Roper:** No, I was in my personal car

EXHIBIT F

CLIENT 010

City Hall

## Van Buren Police Department

**Chief Bradwell:** Did you identify yourself during the incident to the owners or anyone around the incident as a police officer.

**Mr. Roper:** No

**Chief Bradwell:** Was there any other actions you could have taken that would not have resulted in firing your firearm.

**Mr. Roper:** No, I yelled loudly numerous times and due to the severity, the dogs were killing my father in laws dog and it was all happening so fast, using my firearm was the best option I had to stop it.

**Chief Bradwell:** Do you have anything you would like to add to our interview.

**Mr. Roper:** No

### Overview of employment status

**Name:** Charles Roper

**Title:** Reserve/Call in Officer

**Date of Oath:** January 30th 2019

**Dates Worked:**

| Date | Hours Worked | Assignment |
| --- | --- | --- |
| 2/9/2019 | 8 | Reserve-Ride along with officer |
| 2/15/19 | 6 | Reserve-Ride along with officer |
| 2/16/19 | 8 | Reserve-Ride along with officer |

**Comments:** Charles Roper works on the West Carter Ambulance, and he is a reserve officer with the Ripley County Sheriff's Office.

I have went over this disciplinary action with Charles Roper in its entirety and he stated he understood the information in it. He stated that his responses that were detailed in this action were accurate. This Disciplinary Action will remain in Mr. Ropers file indefinitely.

EXHIBIT F

CLIENT 011

City Hall

**Van Buren Police Department**

_____  2/25/19
City of Van Buren-Chief of Police          Date

COPY

EXHIBIT F

CLIENT 012