## UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

| | |
|---|---|
| ROBIN MESEY and JENNIFER MESEY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CITY OF VAN BUREN, MISSOURI, et al., ) <br> ) <br> Defendants. ) | Case No. 1:19-CV-71-SNLJ |

### DEFENDANT ALONZO BRADWELL'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

COMES NOW, Defendant Alonzo Bradwell, by and through the undersigned counsel, and for his *Answers and Objections to Plaintiffs' Second Set of Interrogatories* states as follows:

The Plaintiffs Robin Mesey and Jennifer Mesey (collectively the "Plaintiffs"), by and through their attorney, pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds the following second set of interrogatories to Defendant Alonzo Bradwell ("Defendant Bradwell") to be answered by him fully, separately, in writing and under oath. Said interrogatories are deemed continuing in nature, requiring supplemental answers in the event Defendant Bradwell or his counsel, or anyone acting on his behalf, acquire additional knowledge or information relating to the matters with respect to which these interrogatories inquire or in the event Defendant Bradwell would otherwise be required to supplement his answers in order to comply with 26(e) of the Federal Rules of Civil Procedure. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs request that the interrogatories be answered in the same form, particularly those interrogatories with subparts.

EXHIBIT Q

**OBJECTION**: Objection, overly broad, ambiguous, and exceeds the scope of permissible discovery, including that any definitions and/or instructions are not limited to any non-privileged matters that is relevant and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the relative access to relevant information, resources, the importance of discovery in resolving the issues, and whether the burden of expense of the proposed discovery outweighs its likely benefit, and as drafted may encompass information or materials prepared in anticipation of litigation. Further objection to the extent any definitions and/or instructions attempt to impose restrictions and obligations beyond those established by the Federal Rules of Civil Procedure.

1. Please state whether or not Defendant Charles Roper (hereinafter "Defendant Roper") was disciplined in any way (reprimanded, suspended, etc.) relating to or because of his actions on February 22, 2019 in shooting and killing Plaintiffs Robin Mesey and Jennifer Mesey's dog at 1512 Dale St. in Van Buren, MO and/or shooting and wounding Plaintiffs Robin Mesey and Jennifer Mesey's dog at 1512 Dale St. in Van Buren, MO. If your answer is in the affirmative, please answer the following:

    a. describe the nature of the discipline;

    b. identify who administered the discipline; and

    c. if there were others involved in making the decision to administer discipline Defendant Roper, but did not actually administer the discipline, please identify those individuals.

ANSWER: Objection, encompasses information prepared in anticipation of litigation and/or within the scope of Garrity v. State of New Jersey, 385 U.S. 493 (1967). Defendant will provide a log of withheld material upon request and is amendable to discussing a protective order. Additionally, this interrogatory is ambiguous, argumentative, and calls for speculation and assumption of disputed facts, including that Plaintiffs have improperly defined "disciplined" to encompass terms with different meanings, and where it is not clear how/why Plaintiffs contend words such as "suspended, etc." are synonyms for "disciplined." Further, subject to and without waiving any objection, this Defendant's understanding is that the alleged incident did not involve any "dog at 1512 Dale St. in Van Buren, MO;" instead, it appears that Plaintiffs dogs were roaming free and in the street. Additionally, subject to and without waiving any objection, Roper was not "disciplined" by this Defendant or the City of Van Buren, MO as a result of any incident involving Plaintiffs' dogs on February 22, 2019. At that time, Roper was merely a reserve probationary officer available to work on-call, and was not a full-time or regularly scheduled officer, and also was not working in any capacity for this Defendant or the City of Van Buren, MO during any incident involving Plaintiffs' dogs. Roper was placed on administrative leave from being on reserve status pending investigation by the Carter County Sheriff's Office and determination by the Carter County Prosecuting Attorney. Roper did not miss any work because of being on administrative leave was not scheduled to work. After the Prosecuting Attorney declined charges, this Defendant and the City approved Roper's return to reserve status.

KECK & PHILLIPS, L.L.C.

By /s/ Damon S. Phillips
 Damon Phillips #52901
 3140 E. Division
 Springfield, MO 65802
 Phone: (417) 890-8989
 Fax: (417) 890-8990
 Email: damon@kpwlawfirm.com
 Attorneys for Defendants

### VERIFICATION

I, Alonzo Bradwell, having been duly sworn upon my oath, state that I have read Plaintiffs' Second Set of Interrogatories Directed to Defendant Alonzo Bradwell and the preceding responses thereto. I confirm the truth and accuracy of those responses to the best of my knowledge, information and belief.

                                                                     Alonzo Bradwell

Subscribed and sworn to before me this 13 day of April, 2020.

                                         Tammy Lynn Battles-Orchard
                                                     Notary Public

My Commission expires:

TAMMY LYNN BATTLES-ORCHARD
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
COUNTY OF SHANNON
COMMISSION #02395373
My Commission Expires: October 29, 2023

**EXHIBIT Q**