UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ROBIN MESEY and | ) | |
| JENNIFER MESEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 1:19-CV-71 |
| | ) | |
| CITY OF VAN BUREN, MISSOURI, | ) | |
| ALONZO BRADWELL, *in his official* | ) | |
| *Capacity as Chief of Police*, and | ) | |
| CHARLES ROPER, *in his individual* | ) | |
| *capacity*, | ) | |
| Defendants. | ) | |

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' THIRD MOTION FOR EXTENSION (Doc. #48) TO RESPOND TO MOTIONS FOR SUMMARY JUDGMENT OF DEFENDANTS CITY OF VAN BUREN, MISSOURI AND ALONZO BRADWELL, IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE

COME NOW Defendants City of Van Buren, Missouri ("City") and Alonzo Bradwell, in his official capacity as Chief of Police ("Chief Bradwell"), by and through their counsel, Keck & Phillips, L.L.C., and state the following in opposition to Plaintiffs' third motion for extension to respond to motions for summary judgment:

Plaintiffs have failed to respond to the motion for summary judgment filed by the City and Chief Bradwell or to demonstrate a right to any relief under Rule 56.

## BACKGROUND

The case at bar is scheduled for jury trial beginning April 19, 2021. Doc. 28. Consistent with the requirements of the Amended Case Management Order, the City and Chief Bradwell filed their motion for summary judgment on December 3, 2020. Doc. 30.

Plaintiffs have repeatedly failed to respond to the motion for summary judgment filed by the City and Chief Bradwell, and have not shown any genuine dispute of material fact, as required to prevent summary judgment pursuant to Rule 56(c). The Court expressly warned Plaintiffs that "no further extensions will be granted." Doc. 47. Despite that warning, Plaintiffs are now on their third motion for extension to respond, which they inaccurately labelled "second motion." Doc. 48. Plaintiffs' third motion fails to demonstrate that they are entitled to any relief under Rule 56. Accordingly, said motion should be denied and judgment entered in favor of the City and Chief Bradwell.

## LAW AND ARGUMENT

Plaintiffs have repeatedly failed to respond to the motion for summary judgment filed by the City and Chief Bradwell, and have not shown any genuine dispute of material fact, as required to prevent summary judgment pursuant to Rule 56(c). Plaintiffs may temporarily avoid providing a response by giving the Court a valid reason for delay under Rule 56(d). Pursuant to Rule 56(d), "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to summary judgment, then the Court may defer ruling. However, Rule 56(d) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Duffy v. Wolle*, 123 F.3d 1026, 1040 (8th Cir. 1997). "To obtain a Rule 56 ( [d] ) continuance, the party opposing summary judgment must file an affidavit 'affirmatively demonstrating ... how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.' " *Ray v. American Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir.2010),

*quoting Humphreys v. Roche Biomedical Lab., Inc.*, 990 F.2d 1078, 1081 (8th Cir.1993). Even disregarding that Plaintiffs did not submit such an affidavit, their third motion for extension does not give the Court a basis for delaying summary judgment, nor show how further delay will enable them to demonstrate a genuine dispute of material fact. Instead, Plaintiffs claim they need yet another extension due to the weather and their attorney's workload. Doc. 48, p.1-2. Plaintiffs suggest that the cold weather makes it difficult to access unspecified materials at their counsel's office. Doc. 48, para. 6. However, they do not describe those materials, and do not even claim that the materials are strictly necessary, where Plaintiffs merely submit that "[t]here are tangible items in this case's file at counsel's office that *may* be responsive to the motions for summary judgment." Doc. 48, para. 6. (emphasis added). Plaintiffs also complain that the cold weather makes it uncomfortable for their attorney to type. Doc. 48, para. 7. The City and Chief Bradwell are not entirely unsympathetic, but the current weather conditions are a recent phenomenon, and cannot explain why Plaintiffs have been unable to respond to summary judgment in the intervening months. Presumably, Plaintiffs' counsel is nearly finished typing by now. If Plaintiffs' counsel somehow still has a significant amount of typing left to do, and in light of Plaintiffs' inability to describe the materials that "may" be needed, then the only conclusion is that Plaintiffs have not been working on their responses to summary judgment. The current weather also has not stopped Plaintiffs' attorney from being able to type multiple motions for extension. Doc. 48, para. 8. Similarly, the City and Chief Bradwell sympathize with Plaintiffs' counsel's workload, but again, this cannot justify further delay. The Court expressly told Plaintiffs "no further extensions will be granted." Doc. 47. Motions for summary judgment have been

pending for months now, and the need for Plaintiffs to respond in order to avoid judgment is not a surprise. Additionally, Plaintiffs have repeatedly, and generally successfully, cited their attorney's work load to delay this case, and at some point these excuses must fail. *See e.g.* Doc. 38-4, p.3; Doc. 39, para. 3,4; Doc. 41, p. 3; Doc. 43, p. 2; Doc. 46, p. 2. It is simply unfair to the City and Chief Bradwell to further delay summary judgment, particularly where Plaintiffs seek to delay their response until March 9, 2021. Doc. 48, para. 10. If Plaintiffs were granted their request, then the City and Chief Bradwell would be forced to file their reply within weeks of the current trial setting. Even assuming no sur-response, it is not clear that this would allow the Court enough time to consider the briefs and rule before the City and Chief Bradwell were forced to spend time and resources preparing for the jury trial, even though they are entitled to summary judgment.

**CONCLUSION**

Frankly, the history of the case at bar strongly suggests that Plaintiffs' latest motion is not made in good faith, but in any event, Plaintiffs have had the benefit of multiple extensions and delays, and are unable to explain why further delay is necessary. Plaintiffs have had more time than most parties to respond to summary judgment, and quite simply cannot demonstrate a genuine dispute of material fact that would prevent the Court from entering judgment in favor of the City and Chief Bradwell. Accordingly, Plaintiffs' latest motion for extension should be denied, and judgment entered in favor of the City and Chief Bradwell.

Respectfully submitted,

**KECK & PHILLIPS, L.L.C.**

By: */s/ Damon S. Phillips*
Damon S. Phillips #52901
3140 E. Division
Springfield, Missouri 65802
Phone: 417-890-8989
Fax: 417-890-8990
Email: damon@kpwlawfirm.com
*Attorneys for Defendants City of Van Buren, Missouri and Chief Alonzo Bradwell in his official capacity*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served by ☑ Filing electronically (ECF) on this 16th day of February, 2021 to the following persons:

James W. Schottel, Jr.
906 Olive St., PH
St. Louis, Mo 63101
jwsj@schotteljustice.com

Portia C. Kayser
1010 Market St., Ste 1650
St. Louis, Mo 63101
pkayser@fisherpatterson.com

*/s/ Damon S. Phillips*
*Attorney*