UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

Plaintiffs' Exhibit 1

JEFFERY JUST, )
)
    Plaintiff, )
)
vs. ) Case No. 4:18-CV-424 NAB
)
CITY OF ST. LOUIS, MISSOURI, et al., )
)
    Defendants. )

**PLAINTIFF'S STATEMENT OF FACTS
IN WHICH A GENUINE ISSUE EXISTS
AND PLAINTIFF'S ADDITIONAL UNDISPUTED MATERIAL FACTS**

COMES NOW Plaintiff Jeffery Just ("Plaintiff"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and E.D.Mo. L.R. 4.01(E), sets forth the following Statement of Facts in Which a Genuine Issue Exists with relation to the claims of this case and Plaintiff's Additional Undisputed Material Facts in Support of Plaintiff's request for this Court to deny Defendant Nellie Kuykendall ("Defendant Kuykendall") and Defendant Eric Henry's ("Defendant Henry") (collectively the "Defendants") Motion for Summary Judgment:

**PLAINTIFF'S RESPONSES TO
DEFENDANTS' STATEMENT OF FACTS**

1.    Plaintiff denies the allegation of material fact in Paragraph 1 that the incident took place "On July 17, 2017..." and that Motomart "sits at the intersection of Dunn Road and Riverside Drive, just north of I-270."

Plaintiff admits the allegation of material fact in Paragraph 1 that "Mr. Just's truck had run out of gas on July 7, 2017 near a Motomart that sits at the intersection of Dunn Road." (*See* Defendants' Statement of Facts No. 1).

2. Plaintiff denies the allegation of material fact in Paragraph 2 that "Mr. Just went to the gas station to retrieve a gas can with gas, and upon his return, found an individual in his truck."[1]

Plaintiff admits that he went inside the MotoMart to buy a gas can and the gal at the counter lent Plaintiff one. Plaintiff then paid for gas, filled the can and when he got to his truck, there was a guy in it. (*See* Defendants' Statement of Facts No. 2).

3. Plaintiff objects to the footnote 1 of Paragraph No. 3, which states:

> "Defendants's believe, after their investigation into this case, that the identity of the individual Mr. Just found in his truck is Donnell Franklin. Defendants are not asserting Mr. Franklin's name as an uncontroverted fact, rather, they will confer the name Donnell Franklin to that individual for this motion solely for ease of reading."

"The person Mr. Just found in his truck, Donnell Franklin (Defendants's believe, after their investigation into this case, that the identity of the individual Mr. Just found in his truck is Donnell Franklin. Defendants are not asserting Mr. Franklin's name as an uncontroverted fact, rather, they will confer the name Donnell Franklin to that individual for this motion solely for ease of reading)[2], explained to Mr. Just that he believed the truck belonged to his brother."

Plaintiff further objects to and denies the allegation of material fact in Paragraph 3 that "The person Mr. Just found in his truck, Donnell Franklin, explained to Mr. Just that he believed the truck belonged to his brother" on the basis that Defendants cite to "Ex. A, 15:21", which cites to the word, "police." Defendants fail to properly cite to a Question and Answer of deposition testimony of Plaintiff.

Lastly, Plaintiff denies the allegation of material fact in Paragraph 3 on the basis that the guy told Plaintiff that the truck was his; he said it was his brother's truck once. (*See* Defs. Ex. A, 15:7-16:1; Defendants' Statement of Facts No. 3).

---

[1] Defendants fail to allege a statement of fact with specificity that is supported by the cited deposition testimony.
[2] This parenthetical was inserted as a footnote to this alleged fact of Paragraph 3.

2

4. Plaintiff objects to and denies this allegation of material fact in Paragraph 4 that "Once Mr. Franklin[3] exited the truck, Mr. Just called 9-1-1 to report the incident" on the basis that Defendants fail to properly cite to a Question and Answer of deposition testimony of Plaintiff. To be exact, in support of this allegation of fact, Defendants cite: "Ex. A, 15:19-21." This cited testimony is: "brother's truck. Finally, he got out of the truck, I was able to get to my phone in the truck and I called the police." This cited testimony does not support the alleged fact, "Mr. Just called 9-1-1 to report the incident." The testimony is, "I called the police." He didn't say he called 9-1-1 to report the incident." (*See* Defendants' Statement of Facts No. 4).

5. Plaintiff admits in part and denies in part the allegation of material fact in Paragraph 5 that "Mr. Just saw Mr. Franklin walk behind the Motomart and out of sight." Plaintiff admits that he saw the guy walk in the direction of the MotoMart and out of sight. Plaintiff denies that he saw the guy walk behind the MotoMart. This is not supported by Plaintiff's testimony cited by the Defendants. (*See* Defendants' Statement of Facts No. 5).

6. Plaintiff objects to and denies this allegation of material fact in Paragraph 6 that, "Mr. Just had a number of tools in the front seat of his truck, but did not notice that any of them were stolen." This allegation of fact misrepresents the testimony of Plaintiff. Defendants cited, "Ex. A, 16:12-17[4], 35:8-20", which sets forth as follows:

> "A. Well, he had the console up and he's steadily going through my console. I got my tools in there that I use for work sometimes and I had my phone bill sitting there. My cell phone was in the truck on the charger. So, he's just got the console up and he's just rifling through my console as I'm talking to him. It's like he…"
> …
> A. I actually hit the power lock and then checked the handle 'cause I got all my tools sitting right there on my seat.
> Q. Okay.

---

[3] Plaintiff did not know the guy and still does not know the guy as Mr. Franklin. Plaintiff will assert a running objection to Defendants referring to "the guy". as identified by Plaintiff in his deposition testimony, as Mr. Franklin in their Statement of Uncontroverted Material Facts.
[4] Once again, Defendants cite only to an answer of deposition testimony; and not even the completing answer.

3

> A. A bag with a bunch of tools in it.
> Q. Did you notice at any time whether any of the tools had been stolen?
> A. Man l got so many of them in there I'd have to go through them one by one and make sure everything's there, you know.
> Q. Okay.
> A. From what I glanced over, I didn't notice any of the tools were stolen."

Defendants stopped the citation at the point where plaintiff specifically explained further relevant information pertinent to this allegation of material fact as alleged in Paragraph 6:

> "Q. Okay. And you never did an inventory like that on that tool bag?
> A. Like I say man it would be impossible. It's like looking through a big bag of tools and trying to figure out what's there. You don't know it's not there until you go to use it, you know."

(*See* Defs. Ex. A, 35:21-36:1) (*See* Defendants' Statement of Facts No. 6).

    7.    Plaintiff denies the allegation of material fact in Paragraph 7 that, "Officers Henry and Kuykendall responded to the call approximately an hour later. Defendants cite to Plaintiff's testimony at Ex. A, 20:11-14, which sets forth, "Q. Do you recall how long it was between your 911 call and when the police responded? A. I'm not sure, sir. It seemed like half hour, 45 minutes. I couldn't really tell you." (*See* Defendants' Statement of Facts No. 7).

    8.    Plaintiff objects to the allegation of material fact in Paragraph 8 on the basis that it is overly broad and vague: "After the officers arrived, Mr. Just told the officers what he believed had happened." Defendants cite to Ex. A, 25:9-26:8, which contains a number of specific statements of Plaintiff made to the officers. (*See* Defendants' Statement of Facts No. 8).

    9.    Plaintiff denies as stated the allegation of material fact in Paragraph 9 that, "Then, Mr. Franklin, the person Mr. Just had seen in his truck returned to at the Motomart." Defendants cite to Ex. A, 26:20-22, which Plaintiff stated, "The gentleman showed up that was in my truck and they talked to him for a while." (*See* Defendants' Statement of Facts No. 9).

4

10. Plaintiff denies as stated the allegation of material fact in Paragraph 10 that, "Mr. Franklin told the officers that his brother's truck had broken down and that he believed the truck in question belonged to his brother" and Plaintiff heard the guy state, "his brother's truck broke down on Hall Street and he thought that that was his brother's truck." (*See* Defendants' Statement of Facts No. 10).

11. Plaintiff denies as stated the allegation of material fact in Paragraph 11 that, "Mr. Franklin stated that he realized it was not his brother's truck when the key would not turn the ignition." Defendants do not accurately cite to Plaintiff's testimony. Plaintiff stated that the guy said, "Yeah, I realized it wasn't my brother's truck when the key **wouldn't fit in the ignition**." (*emphasis added*). (*See* Defendants' Statement of Facts No. 11).

12. Plaintiff denies the allegation of material fact in Paragraph 12 that, "The officers then called the impound lot, and confirmed that Mr. Franklin's brother's truck had been impounded." In support of this allegation of material fact, Defendants cite to Ex. A, 33:1-4, which sets forth, "would have been? A. I think they said it was in impound. Q. The officers said it was in impound? A. Yes, sir."

Nowhere in the matter cited does it state that the officers called the impound lot and confirmed the guys brother's truck had been impounded. This matter cited only establishes that the officers said the guys brother's truck had been impounded. (*See* Defendants' Statement of Facts No. 12).

13. Plaintiff denies as stated the allegation of material fact in Paragraph 13 that, "Mr. Franklin then told the officers that Mr. Just had chased him around and threatened him with a knife." Defendants cite to Ex. A, 33:5-18. Plaintiff did not testify to a Mr. Franklin but to the guy that was in his truck. (*See* Defendants' Statement of Facts No. 13).

5

14. Plaintiff admits the allegation of material fact in Paragraph 14 that, "At some point after that, the officers told Mr. Franklin to go home." (*See* Defendants' Statement of Facts No. 14).

15. Plaintiff admits the allegation of material fact in Paragraph 15 that, "Mr. Just questioned the officer's decision to let Mr. Franklin leave, and was told by Officers Kuykendall and Henry told Mr. Just that they could not really arrest Mr. Franklin because he had made a mistake." (*See* Defendants' Statement of Facts No. 15).

16. Plaintiff denies the allegation of material fact in Paragraph 16 that, "Officer Henry provided Mr. Just with a business card on which Mr. Just began to write Officer Kuykendall's name." Defendants cite to Ex. A, 38:23-39:2, which sets forth:

"Q. Then what happened?

A. I asked for a report or something and they said, "Well, we really can't make a report. There's nothing to report." I said, "Well, something." And they said "Well, we're going to give you a business card."

Defendants misrepresent the context as Plaintiff asked for a report and in response was told the officers couldn't really make a report but gave him a business card instead. Further, there is nothing in the cited material that supports the alleged fact that, "Mr. Just began to write Officer Kuykendall's name." (*See* Defendants' Statement of Facts No. 16).

17. Plaintiff denies the allegation of material fact in Paragraph 17 that, "Mr. Just wanted the officer's names because he was upset that they had not arrested Mr. Franklin." Defendants cite to Ex. A, 39:15-23, which sets forth:

"A. Eric Henry gave me a business card and I looked at the card and it had his name on it and it didn't have Officer Kuykendall.

Q. Kuykendall?

6

A. Kuykendall. It didn't have her name on it, so, you know I wanted her name on it because I've got to talk to somebody about this. My property is damaged and this guy admit that he damaged it and he's walking away and l don't have a report or anything."

The testimony supports that Plaintiff was not upset that the guy was not arrested, he was upset that there was not going to be a report that contained the guy's name. (*See* Defendants' Statement of Facts No. 17).

18.    Plaintiff admits the allegation of material fact in Paragraph 18 that, "At this time, while Mr. Just was writing Officer Kuykendall's name, Officer Kuykendall placed Mr. Just under arrest." (*See* Defendants' Statement of Facts No. 18).

19.    Plaintiff denies the allegation of material fact in Paragraph 19 that, "Mr. Just was arrested for assault, or flourishing a weapon on another person."

Officer Kuykendall testified that Plaintiff was never under arrest, never in our custody and he was just detained for an investigation. (*See* Defs. Ex. B, TR. 43:10-44:1) (*See* Defendants' Statement of Facts No. 19).

20.    Plaintiff denies the allegation of material fact in Paragraph 20 that, "At this point, Officers Henry and Kuykendall believed that a crime had possibly been committed by Mr. Just."

This contradicts the facts that Plaintiff was searched for a weapon, a knife, by the officers and no weapon was found. This also contradicts the source of the allegation and the credibility of the guy who made an allegation who was caught inside of Plaintiff's vehicle, even though it turned out to be the wrong vehicle. (*See* Defs. Ex. C, TR. 22:11-12; 25:1-11) (*See* Defendants' Statement of Facts No. 20).

7

21. Plaintiff denies the allegation of material fact in Paragraph 21 that, "Officer Henry believed Mr. Franklin because in his experience, it is unusual for a person who was chased away from breaking into a vehicle to return to the scene."

Plaintiff could not find the appropriate testimony in Defendants' Exhibit C to support this allegation of material fact.

(*See* Defendants' Statement of Facts No. 21).

22. Plaintiff admits the allegation of material fact in Paragraph 21 that, "They placed Mr. Just in their squad car, and subsequently called Mr. Franklin (the guy) to the scene again." (*See* Defendants' Statement of Facts No. 22).

23. Plaintiff admits the allegation of material fact in Paragraph 23 that, "After he returned, the Officers handcuffed Mr. Franklin as well." (*See* Defendants' Statement of Facts No. 23).

24. Plaintiff admits the allegation of material fact in Paragraph 24 that, "Officer Henry conducted a pat down search on Mr. Just, and looked around the vehicle for a knife but did not find one." (*See* Defendants' Statement of Facts No. 24).

25. Plaintiff admits the allegation of material fact in Paragraph 25 that, "Officer Henry did not search the inside of Mr. Just's truck for a knife." (*See* Defendants' Statement of Facts No. 25).

26. Plaintiff denies the allegation of material fact in Paragraph 26 that, "After both individuals were in handcuffs, another officer arrived with an arrest van." Defendants cite to Ex. A, 48:3-9, which sets forth:

"Q. Okay. Okay, so, they put the person who got into your truck in handcuffs while you were still in the cruiser?

8

A. Yep.

Q. Okay. And then they move you to the wagon once the wagon shows up?

A. Yes, sir."

The cited material does not support the alleged fact as stated. (*See* Defendants' Statement of Facts No. 26).

27. Plaintiff admits the allegation of material fact in Paragraph 25 that, "A sergeant then arrived at the scene." (*See* Defendants' Statement of Facts No. 27).

28. Plaintiff denies the allegation of material fact in Paragraph 28 that, "After some discussion between the officers and the sergeant, Mr. Just was released."

This does not support Plaintiff's testimony. Plaintiff testified as follows:

"The sergeant had the paddy wagon guy open up the back door and he said there was a mistake and that he was sorry; it was just a misunderstanding. And I got out, they took the cuffs off me, and Officer Kuykendall, I think she said something, I think it was I'm sorry or not-- it was a misunderstanding or something like that." (*See* Defs. Ex A, TR. 49:10-15) (*See* Defendants' Statement of Facts No. 28).

29. Plaintiff denies the allegation of material fact in Paragraph 29 that, "Mr. Franklin did not want press any charges against Mr. Just, so no charges were subsequently filed against Mr. Just." This contradicts the facts that Plaintiff was searched for a weapon, a knife, by the officers and no weapon was found. This also contradicts the source of the allegation and the credibility of the guy who made an allegation who was caught inside of Plaintiff's vehicle, even though it turned out to be the wrong vehicle. (*See* Defs. Ex. C, TR. 22:11-12; 25:1-11) (*See* Defendants' Statement of Facts No. 29).

9

30. Officer Henry gave Mr. Just one of his business cards that night. (*See* Defendants' Statement of Facts No. 30). Plaintiff reasserts his response to Paragraph 16 to this Paragraph 30 as it is the same.

### PLAINTIFF'S ADDITIONAL UNDISPUTED MATERIAL FACTS

#### Plaintiff Arrested/Detained

31. According to Defendant Nellie Kuykendall, Plaintiff was not placed under arrest on July 7, 2017 during the incident subject to this case. (Established by the Record – *See* Deposition of Defendant Nellie Kuykendall – Exhibit 1 [hereinafter "Defendant Kuykendall depo. – Ex. 1"], TR. 31:9-32:21).

32. Defendant Henry stated that Plaintiff was placed under arrest after the guy alleged that Plaintiff flourished a knife at the guy. (Established by the Record – *See* Deposition of Defendant Eric Henry – Exhibit 2 [hereinafter "Defendant Henry depo. – Ex. 2"], TR. 27:1-15).

33. After receiving the same information that the guy alleged that Plaintiff flourished a knife at the guy, Defendant Kuykendall stated that Plaintiff was not under arrest, Plaintiff was handcuffed, but not under arrest and only detained for questioning. (Defendant Kuykendall depo. – Ex. 1, TR. 31:24-32:17).

34. According to Defendant Kuykendall, "Mr Just was never in our custody." (Established by the Record – *See* Defendant Nellie Kuykendall's First Amended Answers to Plaintiff's First Set of Interrogatories – Exhibit 3 [hereinafter "Defendant Kuykendall Amended Answers to Interrogatories – Ex. 3"], No. 16(d)).

#### Lack of Probable Cause to Arrest Plaintiff

35. No charges were initiated against Plaintiff. (Established by the Record – *See* Defendant Kuykendall Amended Answers to Interrogatories – Ex. 3, No. 16(g) and Defendant Eric

10

Henry's First Amended Answers to Plaintiff's First Set of Interrogatories – Exhibit 4 [hereinafter "Defendant Henry Amended Answers to Interrogatories – Ex. 4"], No. 16(g)).

36. When Plaintiff encountered the guy in his truck, a verbal confrontation ensued with no yelling and nothing physical. (Established by the Record – *See* Deposition of Plaintiff Jeffery Just – Exhibit 5 [hereinafter "Plaintiff depo. – Ex. 5"], TR. 15:7-16:20; 19:6-8).

37. At the scene of the incident, Plaintiff didn't want to deal with the guy who broke in his truck and remained in his truck after he called the police. (Established by the Record – *See* Plaintiff depo. – Ex. 5, TR. 18:7-11).

38. Plaintiff did not present any weapons to the guy that broke in his truck. (Established by the Record – *See* Plaintiff depo. – Ex. 5, TR. 19:18-19).

39. Plaintiff was not carrying any weapons. (Established by the Record – *See* Plaintiff depo. – Ex. 5, TR. 19:20-21).

40. After Plaintiff called the police and before the police arrived, while Plaintiff was sitting in his truck, he observed the guy who broke in his truck in a vehicle driving away from the scene. (Established by the Record – *See* Plaintiff depo. – Ex. 5, TR. 21:12-23:2).

41. The guy that broke into Plaintiff's truck admitted to damaging the truck. (Established by the Record – *See* Plaintiff depo. – Ex. 5, TR. 41:22-42:18).

42. On September 18, 2017, Plaintiff's undersigned counsel sent a request for records under the Missouri Sunshine Law, Chapter 610, Revised Statutes of Missouri, to the St. Louis city Police Department seeking all records relating to Plaintiff and the incident subject to this case. (Established by the Record – *See* Plaintiff's Missouri Sunshine Law Request – Exhibit 6 [hereinafter "Sunshine Law Request – Ex. 6"]).

11

43. Plaintiff's counsel received a 2-page incident report that completely omits Defendant Kuykendall's name as an assisting officer and makes no reference of a weapons offense arrest of Plaintiff; in fact, Plaintiff is listed as the victim of a crime committed by the guy who damaged Plaintiff's truck. (Established by the Record – *See* Incident Report – Exhibit 7 [hereinafter "Incident Report – Ex. 7"]).

44. Defendant Henry didn't ask Plaintiff if Plaintiff had a knife. (Established by the Record – *See* Defendant Henry depo. – Ex. 2, TR. 24:22-23).

45. Defendant Henry did a pat down of Plaintiff and did not find a knife on Plaintiff. (Established by the Record – *See* Defendant Henry depo. – Ex. 2, TR. 25:11-26:1).

46. Defendant Henry didn't search Plaintiff's truck for a knife. (Established by the Record – *See* Defendant Henry depo. – Ex. 2, TR. 26:5-7).

47. Defendant Henry didn't search anywhere else for a knife. (Established by the Record – *See* Defendant Henry depo. – Ex. 2, TR. 26:2-4).

48. Plaintiff did not threaten the guy in his truck with a knife. (Established by the Record – *See* Plaintiff depo. – Ex. 5, TR. 36:2-6).

49. Defendant Henry and Defendant Kuykendall told Plaintiff that he was under arrest for assault. (Established by the Record – *See* Plaintiff depo. – Ex. 5, TR. 45:21-46:3).

**Plaintiff's Writing Defendant Kuykendall's Name on the Back of
Defendant Henry's Business Card**

50. Plaintiff asked Defendant Henry and Defendant Kuykendall for a report and they told Plaintiff that they couldn't make a report but they can give him a business card (Established by the Record – *See* Plaintiff depo. – Ex. 5, TR. 38:19-39:2).

12

51. Defendant Henry gave Plaintiff a business card but it only had defendant Henry's name on the business card. (Established by the Record – *See* Plaintiff depo. – Ex. 5, TR. 39:11-17 and Defendant Henry Business Card – Exhibit 8 [hereinafter "Business Card – Ex. 8"]).

52. Plaintiff noticed that the Business Card did not have Defendant Kuykendall's name on it. (Established by the Record – *See* Plaintiff depo. – Ex. 5, TR. 39:14-23 and Business Card – Ex. 8).

53. Plaintiff took a pen and was writing Defendant Kuykendall's name on the back of the Business Card when Defendant Kuykendall grabbed Plaintiff's wrist and told plaintiff he was under arrest. (Established by the Record – *See* Plaintiff depo. – Ex. 5, TR. 40:3-10).

54. Plaintiff then put his hands behind his back and he was placed in handcuffs. (Established by the Record – *See* Plaintiff depo. – Ex. 5, TR. 40:23-41:10).

55. Plaintiff was then placed in the back of Defendant Henry and Defendant Kuykendall's patrol car. (Established by the Record – *See* Plaintiff depo. – Ex. 5, TR. 41:7-10).

56. A Paddy Wagon later arrived and Plaintiff was placed in the back of it. (Established by the Record – *See* Plaintiff depo. – Ex. 5, TR. 44:19-45:1).

57. Defendant Henry and Defendant Kuykendall told Plaintiff that he was under arrest for assault. (Established by the Record – *See* Plaintiff depo. – Ex. 5, TR. 45:21-46:3).

58. A sergeant had arrived, Plaintiff was let out of the Paddy Wagon and the sergeant said there was a mistake and that he was sorry; it was just a misunderstanding and the handcuffs were removed from Plaintiff. (Established by the Record – *See* Plaintiff depo. – Ex. 5, TR. 49:9-22).

59. In 2014, Defendant Kuykendall was given a written reprimand for failing to conduct a proper investigation. (Established by the Record – *See* Defendant Kuykendall Amended Answers to Interrogatories – Ex. 3, No. 11).

60. On August 23, 2013, Defendant Kuykendall was given a written reprimand for failing to conduct a proper investigation. (Established by the Record – *See* Defendant Kuykendall Amended Answers to Interrogatories – Ex. 3, No. 14).

    Respectfully submitted,

    SCHOTTEL & ASSOCIATES, P.C.

    BY: s/*James W. Schottel, Jr.*
        James W. Schottel, Jr. #51285MO
        906 Olive St., PH
        St. Louis, MO 63101
        (314) 421-0350
        (314) 421-4060 facsimile
        jwsj@schotteljustice.com

    Attorney for Plaintiff
    Jeffery Just

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2019, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

    Brandon Laird
    lairdb@stlouis-mo.gov

    Attorney for Defendants
    Nellie Kuykendall
    Eric Henry


    s/*James W. Schottel, Jr.*

14