## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBIN MESEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 1:19-cv-71 SNLJ |
| | ) |
| CITY OF VAN BUREN, MO., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

This matter is before the Court on plaintiffs' motion to compel and for sanctions [#37]. Plaintiffs filed their three-count complaint pursuant to 42 U.S.C. § 1983 against defendant Charles Roper, who was employed as a police officer by defendants the City of Van Buren, Missouri and Chief Alonzo Bradwell, in his official capacity. Plaintiffs allege that on February 22, 2019, defendant Roper shot two of plaintiffs' dogs under color of state law, constituting an unlawful seizure in violation of the Fourth Amendment. Count II of the Complaint is directed at the City and Chief Bradwell in his official capacity where plaintiffs assert failure to train Roper.

Plaintiffs took the deposition of defendant Chief Bradwell on October 30, 2020. During the deposition, defense counsel instructed Bradwell not to answer certain questions. Plaintiffs filed the instant motion and seeking that: (a) Chief Bradwell should be compelled to answer "several" objected to deposition questions, (b) Chief Bradwell's deposition should be reopened to allow additional questions, and (c) the Court should sanction Chief

1

Bradwell and/or the attorney who appeared with him, Ty Z. Harden, by awarding plaintiffs $3,520.00 in attorneys' fees and expenses.

First, defendants argue that plaintiffs' motion should not be considered at all because plaintiffs' counsel failed to attempt to resolve the dispute without the Court's involvement. Federal Rule of Civil Procedure 37 requires that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). This Court's Local Rules further state as follows:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. Local Rule 3.04(A).

Plaintiff's counsel states that he received the transcript of the deposition in question on November 18 and began working on the instant motion. Counsel states as follows:

> 21.  On December 5, 2020, the undersigned sent an email to Mr. Harden in a good faith attempt to resolve the outstanding issues presented in this motion; at the time of this filing Mr. Harden has not responded. The undersigned also called Mr. Harden at his office and left a message as he was unavailable.
>
> 22. As Mr. Harden was the attorney representing Alonzo Bradwell at the taking of his deposition, Mr. Harden was the attorney making the objections and instructing Alonzo Bradwell not to answer questions, it was Mr. Harden and the undersigned who had discussions off the record and it is Mr. Harden who is

2

>subject to this motion for sanctions, Mr. Harden was the proper attorney for the undersigned to speak in an attempt to amicably resolve the outstanding issues.
>
>23. Late today, Monday, December 7, 2020, the undersigned received an email from Damon Phillips, Mr. Harden's co-counsel stating, "I received a message that you called for Ty on this case. Ty was able to help out on the last deposition, but I'll likely handle anything from here on" and "Ty reports to me, not vice-versa. Happy to talk if you want to call, but Ty is not going to decide whether or not to oppose your proposed filing, whatever it is."

[#37 ¶¶ 21-23.]

It appears to this Court that, although Mr. Harden could have and should have responded sooner to plaintiffs' counsel's messages, that plaintiffs' counsel cannot support that a "sincere effort" has been made to resolve the current matter without the Court's involvement.  Counsel does not explain why he did not call Mr. Phillips.  Counsel suggests that his motion was directed only to Mr. Harden, but both Mr. Harden and Mr. Phillips work for the same firm, which represents the defendant.  There is no reason plaintiffs' counsel was required to speak only with Mr. Harden.  This Court is unwilling to, and the Local Rules state that it must not, involve itself in this dispute where the attorneys themselves have not had any direct discussion regarding the issues plaintiffs raise.  The Local Rule contemplates that "reasonable efforts" will be made to have such a discussion.  Although the Court understands that Mr. Phillips did not email plaintiffs' counsel until the day before counsel believed his filing was due, the parties might still have reached some resolution.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion to compel and for sanctions [#37] is DENIED without prejudice.

Dated this 22nd day of February, 2021.

                                            STEPHEN N. LIMBAUGH, JR.
                                            SENIOR UNITED STATES DISTRICT JUDGE